<u>NOT FOR PUBLICATION</u>

### UNITED STATES DISTRICT COURT
### DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| DWAYNE LEE AQUART, | : |
| Petitioner, | : Civil Action No. 16-3978 (JMV) |
| v. | : **OPINION** |
| TISH CASTILLO, | : |
| Respondent. | : |

APPEARANCES:

Dwayne Lee Aquart
Hudson County Correctional Center
A# 074-968-397
30-35 Hackensack Avenue
Kearny, NJ 07032
    on behalf of Petitioner

David Edward Dauenheimer
Office of the U.S. Attorney
District of New Jersey
970 Broad Street, Suite 700
Newark, NJ 07101
    on behalf of Respondent

**VAZQUEZ**, United States District Judge

On July 1 2016, Petitioner, acting *pro se*, filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 (ECF No. 1), challenging his prolonged pre-final removal order detention by U.S. Immigration and Customs Enforcement ("ICE"). On August 22, 2016, Respondent filed a letter response to the petition, opposing relief on the basis that Petitioner is detained under 8 U.S.C. § 1231(a) because the Board of Immigration Appeals dismissed his appeal

1

on June 28, 2016.  (ECF No. 5 at 1.)  Petitioner filed objections to Respondent's letter response on September 1, 2016.  (ECF No. 6.)

### I. BACKGROUND

Petitioner is a native and citizen of Jamaica. (ECF No. 5, Ex. A at 1.)  He became a Lawful Permanent Resident on July 18, 1996.  (*Id.*)  On June 27, 2007, he was convicted of Possession of a Controlled Substance in the Seventh Degree in Westchester County, New York.  (*Id.*)  Sometime thereafter, Petitioner departed the United States and returned and applied for admission on October 20, 2011.  (*Id.*)  He was paroled into the United States, but his parole was later revoked when ICE issued him a Notice to Appear on April 9, 2013.  (*Id.* at 2.)  Petitioner was charged as an inadmissible arriving alien under section 212(a)(2)(A)(i)(II) of the Immigration and Nationality Act.  (*Id.*)

On April 16, 2015, ICE took Petitioner into custody pursuant to 8 U.S.C. § 1225(b).  (ECF No. 1 at 2, §4.)  On January 14, 2016, Petitioner was ordered removed to Jamaica.  (*Id.*, Ex. C at 2.)  The Board of Immigration Appeals ("BIA") dismissed Petitioner's appeal on June 28, 2016. (*Id.* at 4.)  Petitioner's detention is now post-final removal order and governed by 8 U.S.C. § 1231(a).  (*Id.*)

### II. DISCUSSION

A. Standard of Review

8 U.S.C. § 1226(c)(1) mandates that the Government "take into custody" aliens who are convicted of certain crimes or have engaged in certain terrorist activities.  Detention without the possibility of bond "for a reasonable period of time" pursuant to § 1226(c) is constitutional.  *Diop v. ICE/Homeland Sec.*, 656 F.3d 221, 223 (3d Cir. 2011).  Section 1226(c) detention, without a bond hearing, may raise constitutional concerns if detention becomes unreasonably prolonged.  *Id.*

Orders of removal become administratively final upon the earlier of "(i) a determination by the Board of Immigration Appeals affirming such order; or (ii) the expiration of the period in which the alien is permitted to seek review of such order by the Board of the Immigration Appeals." 8 U.S.C. § 1101(a)(47)(B). When a petitioner's removal order becomes final, his petition for relief from prolonged pre-final removal order detention under 8 U.S.C. § 1226(c) is moot. *Rodney v. Mukasey*, 340 F. App'x 761, 764 (3d Cir. 2009).

"When an alien is ordered removed, the Attorney General shall remove the alien from the United States within a period of 90 days . . . " 8 U.S.C. § 1231(a)(1)(A). Detention is mandatory for the 90-day period. 8 U.S.C. § 1231(a)(2). The Attorney General has discretionary authority to detain aliens beyond the 90-day removal period. 8 U.S.C. § 1231(a)(6). Section 1231(a)(6) does not authorize the Attorney General to detain aliens indefinitely beyond the removal period, but "limits an alien's post-removal-period detention to a period reasonably necessary to bring about the alien's removal from the United States." *Zadvydas v. Davis*, 533 U.S. 678, 689 (2001). Six months is a "presumptively reasonable period" of post removal order detention. *Id.* at 701. After the six-month period, an alien may be conditionally released if he can "demonstrate that there is 'no significant likelihood of removal in the reasonably foreseeable future.'" *Rodney*, 340 F. App'x at 764 (quoting *Zadvydas*, 533 U.S. at 701).

B.  Analysis

Petitioner's claim for relief under 8 U.S.C. § 1226(c) is moot because he is no longer detained under § 1226(c). Petitioner's detention is currently governed by 8 U.S.C. § 1231(a). The 90-day removal period began on June 28, 2016, and there is an additional six-month period of reasonable detention. Therefore, Petitioner's habeas petition, even it if is construed as a request for relief under § 1231(a), is premature. See Rodney, 340 F. App'x at 765 (finding petitioner's

challenge to detention under *Zadvydas* was premature where petitioner had sought relief from detention under § 1226(c) and the statutory basis for his detention changed).

### III.   CONCLUSION

Petitioner's request for habeas relief from detention under 8 U.S.C. § 1226(c) is moot; and habeas relief from detention under 8 U.S.C. § 1231(a) is premature. Therefore, the Court will dismiss the habeas petition as moot.

An appropriate Order follows.


Date:  November 14, 2016                              s/ John Michael Vazquez
At Newark, New Jersey                                 JOHN MICHAEL VAZQUEZ
                                                     United States District Judge